UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IZET BECIREVIC,

     Plaintiff,

v.                             CASE NO. 4:18-CV-00363-ALM-CAN

NAVIENT,

     Defendant.

_____/

## DEFENDANT NAVIENT SOLUTIONS, LLC'S EMERGENCY MOTION FOR RELIEF FROM ORDER TO MEDIATE OR, ALTERNATIVELY, TO EXTEND THE MEDIATION DEADLINE

Mr. Becirevic is well-known to this Court, as are the facts of this case. He previously sued Educational Credit Management Corp. ("ECMC") alleging various claims arising out of the same student loans and underlying events. *See* **Exh. C,** Docket, *Becirevic v. Educational Credit Mgmt. Corp.* ("*Becirevic I*"), No. 4:17-cv-00632-RAS-CAN (E.D. Tex.).

Throughout the 89 docket entries in that case, Mr. Becirevic consistently represented that:

- ECMC told Mr. Becirevic that it would be placing his student loans in default, **Exh. C-1**, *Becirevic I*, Compl. [ECF No. 1], at 5; **Exh. C-2**, *Becirevic I*, Am. Compl. [ECF No. 17], at 3, ¶ 10; **Exh. C-15**, *Becirevic I*, Summary Judgment Response [ECF No. 76] at 2; **Exh. C-17**, *Becirevic I*, Exh. 4 to Summary Judgment Response [ECF No. 76-4];

- ECMC placed his student loans in default, **Exh. C-2**, *Becirevic I*, Am. Compl. [ECF No. 17], at 3, ¶ 13; **Exh. C-3**, *Becirevic I*, Response [ECF No. 36] at 3 (specifically identifying March 21, 2017 as the date on which ECMC filed a default claim in connection with his student loans); *Becirevic I*, **Exh. C-4**, Exh. 2 to Response [ECF No. 36-2] at 3 ("ECMC will create and pay a default claim."); **Exh. C-8**, *Becirevic I*, Exh. 3 to Summary Judgment Response [ECF No. 76-3]; and

- ECMC reported his student loans as in default, **Exh. C-1**, *Becirevic I*, Compl. [ECF No. 1], at 5; **Exh. C-2**, *Becirevic I*, Am. Compl. [ECF No. 17], at 3, ¶ 14.

Not only did he make these representations, Mr. Becirevic filed a Rule 11 motion for sanctions contending that ECMC's motion to dismiss his complaint was frivolous. **Exh. C-5,**

*Becirevic I*, Motion [ECF No. 46]; *see also* **Exh. C-6**, *Becirevic I*, Exh. 4 to Motion Response [51-4] at 1, ¶ 2 (emphasis added) ("Declaration of Maura Rivard –Hoster contains false statements and I will seek appropriate relief and sanctions against your client because <u>the evidence that I have produce[d] to you shows that Navient did not default my student loan</u>. Also I will be seeking sanction against you and your law firm because you all know this information is false and you produce those information."); *id.* at 1, ¶ 4 (" . . . Maura Rivard Hoster sw[ore] that ECMC paid default claim but <u>evidence shows that Navient did not default this claim</u>.").

Now, having settled his claims against ECMC, he claims the exact opposite:

> On March 23 2017 <u>[NSL] without notifying Plaintiff . . . defaulted two (2) student loans that were in forbearance agreement</u>. After defaulting Plaintiff's student loans, instead to notify Plaintiff that default claim is filed on March 23, 2017, [NSL] intentionally mislead the Plaintiff on April 02, 2017 by notifying Plaintiff that his forbearance agreement was extended and that he is not required to make any payments until September 17 2017.

*Becirevic v. Navient* ("*Becirevic II*"), No. 4:18-cv-00363-ALM-CAN (E.D. Tex.), **Exh D**, Compl. [ECF No. 1] at 2, ¶ 6 (emphasis added); *see also id.* at 2, ¶ 7; 3, ¶ 8 (same). On this basis, Mr. Becirevic alleges NSL is guilty of fraud and breach of contract. *Id.* at 2-3. In addition to punitive damages, he seeks $800,000 in actual and noneconomic damages. *Id.* at 3-4.

The central premise of this lawsuit, *i.e.*, that NSL defaulted Mr. Becirevic's student loans is false, and he knows it. *See supra*; *see also* **Exh. B-3** (including copy of letter from ECMC to NSL dated March 23, 2017 showing that ECMC defaulted the student loans). In addition, NSL's investigation has revealed that Mr. Becirevic fabricated the April 2, 2017 letter on which his fraud claim relies. *See* **Exh. A** at 4, ¶¶ 24(a)-(n). Because Mr. Becirevic has refused to withdraw his frivolous breach of contract and fraud claims against NSL after informal and formal requests, *see* **Exhs. B-2**, **B-4**, this Court should dismiss Plaintiff's Original Complaint ("Complaint") with prejudice and order that he pay all reasonable attorneys' fees and costs incurred by NSL.

## I.   BACKGROUND

Mr. Becirevic is the borrower on a Federal Stafford Loan Master Promissory Note ("MPN") issued under the Family Federal Education Loan Program ("FFELP"). **Exh. A** at 2, ¶ 5; **Exh. A-1**. FFELP loans are authorized by Title IV, Part B, of the Higher Education Act ("HEA"), as amended, 20 U.S.C. §§ 1071–1087. FFELP loans were made by private lenders, are insured by guaranty agencies, and are reinsured under guaranty agreements with the Department of Education ("ED"). *Hassert v. Navient Sols., Inc.*, 232 F. Supp. 3d 1049, 1050 (W.D. Wis. 2017); *see also* **Exh. C-7** at 4-10.

The HEA authorized ED to "prescribe such regulations as may be necessary to carry out the purposes" of the FFELP. 20 U.S.C. § 1082(a)(1). Under that authority, the Secretary of ED enacted regulations to govern the collection of FFELP loans by lenders and guaranty agencies. *E.g.*, 34 C.F.R § 682.411(a) ("In the event of delinquency on a FFELP loan, the lender must engage in at least the collection efforts described in paragraphs (c) through (n) of this section . . . ."); 34 C.F.R § 682.410(b)(6) ("A guaranty agency must engage in reasonable and documented collection activities on a loan on which it pays a default claim filed by a lender.").

Federal regulations also govern the processes by which a borrower may seek discharge of FFELP loans and, in the event of a default, obtain administrative review of a guaranty agencies's payment of a default claim. *E.g.*, 34 C.F.R § 682.410(b)(5)(ii)-(vii) (governing the notice and hearing procedures following the payment of a default claim); 34 C.F.R. § 682.402(e) (setting procedures governing "false certification" discharges of federal student loans).

At all time periods relevant to the Complaint, NSL serviced two FFELP loans disbursed under Mr. Becirevic's MPN on March 17, 2008: (1) a loan in the original principal amount of

$3,500, and (2) a loan in the original principal amount of $4,000 ("FFELP Loans"). **Exh. A** at 2, ¶¶ 7-8. The guarantor of Mr. Becirevic's FFELP Loans is ECMC. **Exh. A** at 2, ¶¶ 9-10.

On September 12, 2016, Mr. Becirevic submitted an Application for a False Certification Discharge. **Exh. A** at 2, ¶ 13; **Exh A-4**. Mr. Becirevic's application required ECMC to accept assignment of Mr. Becirevic's loans. 34 C.F.R. § 682.401(b)(8)(i)(B). ECMC received the application on or about October 26, 2016. **Exh. C-7** at 7; **Exh. C-8; Exh. C-11**. ECMC then evaluated the application under 34 C.F.R. § 682.402(e)(7). *Id.*

In the interim, Mr. Becirevic also submitted an application for a temporary forbearance citing the pending review of his application for a loan discharge. **Exh. A-5**. On September 26, 2016, NSL notified Mr. Becirevic that his forbearance application was approved. **Exh. A-6**. Mr. Becirevic's payments of the FFELP loans were therefore suspended though April 28, 2017. *Id.*

ECMC denied Mr. Becirevic's loan discharge application on November 28, 2016. **Exh. A-8**; **Exh. C-5**. ECMC notified Mr. Becirevic that he did not qualify for a discharge, stated the reason for its determination, and explained that he would be considered to be in default on the loans unless he submitted a written statement to ECMC within 30 days acknowledging the debt or requesting an appeal of the denial. **Exh. C-5**; *see also* 34 C.F.R § 682.402(e)(7)(iii). ECMC further detailed the reasons for the denial of his application on or about December 5, 2016. **Exh. C-11**; *see also* **Exh. C-12** (showing Mr. Becirevic was aware of the denial).

Mr. Becirevic appealed the denial, requesting review by ED. **Exh. C-12**, **C-13**. ED agreed with ECMC and denied Mr. Becirevic's application in a letter dated February 9, 2017. **Exh. C-13**. As a result, ECMC again notified Mr. Becirevic that he did not qualify for a discharge, stated the reason for its determination, and explained that he would be considered to be in default on the loans unless he submitted a written statement to ECMC acknowledging the

loans within 30 days. **Exh. C-16** (emphasis added) ("If you do not return the 'False Certification Appeal Response' form within 30 days, and your loan is held by the lender, ECMC will instruct your lender to file a default claim. <u>Any forbearance or deferment the lender has placed on your loans will no longer be honored</u>."). Mr. Becirevic failed to do so. **Exh. C-8**, at 3, ¶ 14.

Mr. Becirevic failed to comply with the applicable regulations. **Exh. C-8** at 3, ¶ 14. EMC consequently initiated a default claim on his loans on March 23, 2017, voiding the forbearance agreement with NSL. *Id.* at 3, ¶ 16 ("On March 23, 2017, ECMC as FFELP Guarantor, paid a default claim and was assigned all right, title, and interest in Becirevic' s student loans."); *id.* at 3, ¶ 17 ("Because Becirevic defaulted on his student loans and ECMC, as FFELP Guarantor, paid a default claim, any forbearance or deferment Becirevic may have previously had with any lender or servicer became void."); C.F.R. § 682.402(e)(7)(vi) ("The agency shall pay a default claim to the lender within 30 days after the borrower fails to return either of the written statements described in paragraph (e)(7)(iii)(B) of this section."); *see also* **Exh. A-11** (notifying NSL that ECMC defaulted the student loans due to Mr. Becirevic's failure to reaffirm the debt).

On September 8, 2017, Mr. Becirevic sued ECMC alleging that it breached the forbearance agreement approved by NSL in September 2016 by attempting to collect on the defaulted student loans, made harassing calls in an attempt to collect the loans in violation of the Fair Debt Collection Practices Act, and violated the Fair Credit Reporting Act by reporting the student loans as in default. **Exh. C-1** at 4-7. As noted above, Mr. Becirevic alleged throughout the case that ECMC—not NSL—defaulted his student loans. More important, many of these documents were submitted under the penalty of perjury. *Id.* at 7; **Exh. C-2** at 8; **Exh. C-3** at 7.

ECMC and Mr. Becirevic actively litigated *Becirevic I* through a court-mandated mediation on April 19, 2017, at which the parties' settled. **Exh. C**. Less than one month later Mr. Becirevic sued NSL swearing that it—not ECMC—defaulted his student loans. **Exh. D**,

On August 13, 2018, counsel for NSL wrote Mr. Becirevic notifying him that its investigation showed his claims were without legal or factual merit and requested that he voluntarily dismiss his Complaint before any additional costs were incurred by either party. **Exh. B-3**. In addition to summarizing its position, NSL enclosed relevant communications including letters from ECMC to NSL communicating the denial of his application for discharge, determining that ECMC would pay the student loans as a default claim, and confirming that ECMC had in fact defaulted Mr. Becirevic's student loans as of March 23, 2017. *Id.*

Mr. Becirevic responded:

> I do not waste so much time on your client offer. Everything in your client offer that was forwarded to my e mail today is not consistent with the evidence. I disclose today attached documents and your office is still denying something that shows in the face that is truth. This case is not going to be decided Court and not by your office or your client. You are welcome to file whatever you wish to file and I will respond to you whatever you file. Save your time and do not asking me again to dismiss this claim.

**Exh. B-4** (emphasis added). Attached to this communication was a copy of an April 2, 2017 letter purporting to show that NSL granted Mr. Becirevic a forbearance on April 2, 2017—after he alleged that NSL defaulted his student loans—as stated in the fraud count of his Complaint.

On August 14, 2018, counsel for NSL asked that Mr. Becirevic reconsider:

> Understand that, as it stands, NSL will not settle this case. We strongly believe it has been filed in bad faith and without any legal or factual basis. Although you are a pro se plaintiff, you are bound by Federal Rule of Civil Procedure 11. We are not presently pursuing a Rule 11 sanctions motion because we wanted to give you the courtesy of a chance to dismiss your claims voluntarily.
>
> If you do not voluntarily dismiss your claims (or provide new information to support them), you will leave us with no other choice but to seek sanctions

including an order requiring you to pay NSL's attorneys' fees incurred as a result of the lawsuit.

We prefer to avoid this course of action and respectfully ask that you dismiss your lawsuit against NSL promptly.

**Exh. B-5**. Mr. Becirevic again declined citing "the evidence that I have personally disclosure [sic] to your office." **Exh. B-6** (emphasis added). "You can argue that there is no basic for this lawsuit but also I can argue there is evidence to support my claim." *Id.* (emphasis added).

Compelled to litigate, NSL's continued investigation of Mr. Becirevic's Complaint revealed more troubling evidence of his bad-faith intention: the April 2, 2017 letter serving as the only factual basis for his fraud claim (other than his false default allegation) was fraudulent.

Carl O. Cannon, Senior Account Analyst with NSL, determined that the April 2, 2017 letter was not a genuine NSL letter and, further, that it had been fabricated, for the following reasons.

- NSL has no copy of this letter in its system of record. **Exh. A** at 4, ¶ 24(b).

- NSL's Correspondence History for the FFELP Loans does not indicate a letter was generated or mailed on April 2, 2017. **Exh. A** at 4, ¶ 24(b); **Exh. A-2**.

- The body of the letter does not contain the date on which Mr. Becirevic's loan payments would resume. **Exh. B-1**; **Exh. A** at 4, ¶ 24(c); **Exh. A-6**; **Exh. A-12**.

- The letter does not identify a forbearance end date. **Exh. B-1**; **Exh. A** at 4, ¶ 24(d); **Exh. A-6**; **Exh. A-12**.

- The first page of the letter does not include a necessary barcode. **Exh. B-1**; **Exh. A** at 4, ¶ 24(e); **Exh. A-6**; **Exh. A-12**.

- The first page of the letter does not include a "Letter Code" identifying the type of letter generated. **Exh. B-1**; **Exh. A** at 4, ¶ 24(f); **Exh. A-6** (containing an F146 code, designating a system generated forbearance approval letter); **Exh. A-12**.

- The second page of the April 2, 2017 letter is identified as "Page 1 of 1." **Exh. B-1**; **Exh. A** at 4, ¶ 24(g).

- The loan numbers and forbearance dates on the second page of the April 2, 2017 letter appear to use a different font and/or font size. **Exh. B-1**; **Exh. A** at 4, ¶ 24(h).

- A default claim payment from ECMC was received from Mr. Becirevic's student loans on March 23, 2017 and posted to the loans on March 29, 2017. The effective date of the default is March 23, 2017. As a result of the claim payment being posted on March 29th, NSL could not have processed or approved forbearance or send out any correspondence. Receipt of a claim payment from the guarantor terminates any further servicing activity since the loan is no longer owned or serviced by the loan servicer or lender.

- The April 2, 2017 letter bears no resemblance to the September 26, 2017 and May 3, 2018 forbearance approval letters that NSL generated and mailed to Mr. Becirevic in connection with his FFELP Loans. **Exh. A** at 5, ¶ 24(j); **Exh. A-6**; **Exh. A-12**.

On December 10, 2018, NSL served a formal sanctions motion to Mr. Becirevic via e-mail and U.S. Mail asking that he dismiss his frivolous Complaint with prejudice. **Exh. B** at 2, ¶ 9. If Mr. Becirevic does not dismiss his Complaint, NSL will file and present the motion to the Court at the expiration of the 21-day safe harbor period of Fed. R. Civ. P. 11(c)(2).

## II.   ARGUMENT

Fed. R. Civ. P. 16 permits the modification of a scheduling order for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trammel Crow Residential Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 3:11-CV-2853-N, 2014 WL 12577396, at *1 (N.D. Tex. Sept. 30, 2014). Good cause exists to relieve NSL from the requirement to mediate because (1) NSL has served a formal motion for sanctions that should be dispositive of Mr. Becirevic's claims, (2) NSL has no reason to believe that mediating the case will resolve the claims before this Court or narrow the issues for resolution, and (3) compelling NSL's attendance at mediation will require it to incur unnecessary attorneys' fees and costs, which it either will not recover from Mr. Becirevic or will increase the sanctions awarded against him.

Alternatively, NSL requests that the Court reset the mediation deadline until 30 days after

a decision on NSL's forthcoming motion for sanctions. By doing so, the Court will relieve NSL from the risk that it incurs unnecessary, and possibly unrecoverable, attorneys' fees and mediation costs on claims that may be withdrawn or dismissed with prejudice.

As a final alternative, NSL requests that the Court permit its representative to appear by phone for the mediation presently scheduled for December 18, 2018.

WHEREFORE NSL respectfully requests that this Court order that it has no duty to mediate with Mr. Becirevic in this case or, alternatively, stay mediation pending the resolution of NSL's forthcoming motion for sanctions, and grant all further relief to which NSL is entitled.

Dated: December 11, 2018

*/s/ Adam C. Ragan*
Adam C. Ragan
State Bar No. 24079172

**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
214-979-3000
214-740-7110 (fax)
aragan@huntonak.com

ATTORNEY FOR DEFENDANT
NAVIENT SOLUTIONS, LLC

## CERTIFICATE OF CONFERENCE

I conferred with Mr. Becirevic regarding the relief request in this motion. He is opposed.

*/s/ Haley H. Anderson*
Haley H. Anderson

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing document was filed electronically with the Clerk of the Court on

December 11, 2018, using the CM/ECF system, which will send notification of such filing to all

parties and counsel of record. A copy also was mailed to Mr. Becirevic via regular and certified

mail at the following address: Izet Becirevic, 2008 Laurel Lane, Plano, Texas 75074.

*/s/ Adam C. Ragan*_____

Adam C. Ragan
