IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
JAN 1 8 2019
Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| IZET BECIREVIC § § § Plaintiff, § VS. § NAVIENT, § § Defendant, § | CASE NO: 4:18-CV-00363 |

### PLAINTIFF'S IZET BECIREVIC
### MOTION FOR PARTIAL SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Izet Becirevic (" Plaintiff")" appearing pro se" and asks the Court to render partial summary judgement against Defendant Navient as authorized by Federal Rule of Civil Procedure 56 , and this Court Local Rules CV-7 (a) and CV-56.

Plaintiff files this motion for partial summary judgement on his claim for false misrepresentation. Summary Judgement should be granted in this case because the summary-judgement evidence established all elements of plaintiff's claim as a matter of law.

### I. INTRODUCTION

Plaintiff Izet Becirevic filed this action on May 16, 2018. Plaintiff in his complaint alleged that Defendant Navient willfully breach forbearance agreement and engage in false misrepresentation in connection with servicing Plaintiff's student loans. ( D.E.#1)

On or around July 11, 2018 Defendant Navient filed an answer and denied all allegations in Plaintiff's complaint ( D.E.# 10).

On July 12, 2018 the Court issue Order Governing Proceedings and set Rule 16 Management Conference for August 31, 2018. ( D.E.# 8)

On Management Conference parties discussed discovery and the Court directed parties to exchange all documents as required under the Order Governing Procedure.

On December 26, 2018, Plaintiff files Motion to Compel Defendant to make disclosure required by Rule 26. ( D.E# 28)

On January 09, 2019 Defendant files response to Plaintiff Motion to Compel defendant to make disclosure required by Rule 26. ( D.E# 32)

On January 11, 2019 Plaintiff Reply to Defendant Response to Plainitff Motion to Compel Defendant to make disclosure required by Rule 26. ( D.E.#35)

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Under Federal and Texas law , the plaintiff is entitle to judgement as a matter of law. A copies of plaintiff's student loans correspondence history and payment history produced by defendant as a record of regularly conducted activity in defendant's business show that defendant is liable for false misrepresentation and fraud. Under Texas law , in action of common-law fraud plaintiff is entitled to punitive and exemplary damages for false misrepresentation pursuant to Tex. Civ. Prac. § Rem. Code § 41.003.

## III. PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL OF FACTS

In support for his Motion for Partial Summary Judgement, Plaintiff submit these statements of undisputed facts pursuant to the Court Local Rule CV-56.

Plaintiff respectfully submit the following statement of undisputed material of facts as to which there are no genuine issues for trial.

| Undisputed Material of Facts | Supportive Evidence |
|---|---|
| 1). According to national student loan data systems Plainitff loans were defaulted on March 23, 2017. | 1). A true copy of national student loan data systems indicating plaintiff loan status is attached hereto as **"Exhibit "1"** and incorporated as if fully referenced herein. |
| 2). A plaintiff's student loans correspondence history serviced by Defendant show that Defendant was owner of the loans prior and after a default claim was filed on March 23, 2017. | 2). A true and correct copy of plaintiff student loans correspondence history is attached hereto as **"Exhibit "2"** and incorporated as if fully referenced herein. |
| 3). Nine (9) days later, on April 02, 2017, Defendant Navient knowingly supplied a false forbearance agreement forms to the Plainitff and stated that he is not required to make any payments until September 11, 2017. | 3). A true copy of Defendant forbearance agreement form is attached hereto as **"Exhibit "3"** and incorporated as if fully referenced herein. |
| 4). Plainitff was not aware that forbearance agreement exist until he was review his student loan status online on April 2, 2017, and printed a copy of forbearance agreement forms. The printed forbearance agreement form clearly stated that Plainitff is not required to make his student loans payments from 9/12/2016 to 9/11/2017. | 4). A true copy of plaintiff student loans correspondence history and online log in records is attached hereto as **"Exhibit "4"** and incorporated as if fully referenced herein. |
| 5). Plaintiff student loan correspondence history show that Defendant processed false forbearance form on October 05, 2016 and maintained as a record of the regularly conducted activity in defendant's business. | 5). A true copy plaintiff correspondence history indicating that defendant processed forbearance forms on October 5, 2016 is attached hereto as **"Exhibit "5"** and incorporated as if fully referenced herein. |
| 6). Despite the facts, that plaintiff was not aware that defendant supplied "false information's" until ECMC notified him that his loans serviced by Defendant were reported as a default claim to all 3 credit bureaus nationwide on June 04, 2017. | 6). A true copy of ECMC letter indicating the date of reporting default claims to credit bureaus is attached hereto as **"Exhibit "6"** and incorporated as if fully referenced herein. |
| 7). Because Defendant false misrepresentation Plaintiff suffered damages by justifiably relying on the information supplied by defendant. | 7). A true copies of credit reports indicating the date of collections status is attached hereto as **"Exhibit "7"** and incorporated as if fully referenced herein. |

## IV. ARGUMENT

**Standard of Review**

Federal Rule of Civil Procedure 56 (c) provides that summary judgement shall be granted "if the pleadings, deposition, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the is entitled to judgement as a matter of law." There is no genuine issue of material fact" when record taken a whole cloud not a rational trier of fact to find for the nonmoving party." Further, there are no genuine issue of material fact and summary judgement is appropriate if the evidence offered by both the moving and opposing party support only one conclusion, even if all the evidence to the contrary is fully credited"

A Plainitff moving for summary judgment stratifies its burden by submitting summary judgement proof that establish all elements of its claim as a matter of law. *See San Pedro v. United States, 79 F. 3d 1065, 1068. (11th Cir. 1996).*

The movant " bears the initial responsibility of informing the district court of the basis for its motion, " and identifying the parts of the records it " believes demonstrate the absence of a genuine issue of fact." Once the movant has met this burden, the " opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The opponent may not rest on mere allegations or denials in its pleadings; the opponent must designate specific facts showing a genuine issue for trial. "[C] conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence are insufficient to defeat summary judgement. *See Prof' I Managers, Inc v. Fawer, Brian, Hardy & Zatzkis, 799 F.2nd 218, 222 ( 5th Cir. 1986).* E. Dist. Local R. CV-56 (c); *Celotex Corp , 477 U.S at 325* (" The burden on the moving party may be discharged by

*'showing'—that is point out to the district court—that there is an absence of evidence to support the nonmoving party's case.");* Stults v. Conoco, 76 F. 3d 651, 655-56 ( 5th Cir. 1996)

To prevail on his claim for false misrepresentation, plaintiff must prove the following elements as a matter of law; a plaintiff must show that; (1) the defendant made a material representation that was false, (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth, (3) the defendant intended to induce the plaintiff to act upon the representation, and (4) the plaintiff actually and justifiably relied on the representation, which caused the injury. Here in this case, Plainitff evidence attached to **"Exhibits"** show that Plainitff prove all elements for his claim for false representation and there are no genuine disputes of material of facts on any element in Plaintiff claims for false misrepresentation, and Plaintiff is entitled to summary judgement as a matter of law.

### V. SUMMARY JUDGEMENT EVIDENCE

In support of his motion, plaintiff includes evidence in the attached appendix, which is incorporated by references into the motion. The motion for summary judgement is based on the following evidence.

    a.    <u>Documents</u>. The documents, which are verified as authentic, established the following facts: that defendant was intentionally supplies false information. The evidence attached in **"Exhibits 1-7"** clearly show that Defendant was recklessly and intentionally mislead plaintiff after default claim was paid by ECMC.

## VI.   CONCLUSION AND PRAYER FOR RELIEF

In this case, the facts are sufficient to support Plainitff Motion for Partial Summary Judgement against Defendant Navient and are undisputable. The true facts there not communicated to Plaintiff, who were damaged by Defendant Navient actions in variety of ways including false misrepresentation and fraud. Plaintiff seek damages for anger, anxiety, emotional distress, frustration and punitive/exemplary damages in the amount of 500.000.00 US Dollars.

For these reasons Plainitff asks the Court to grant this motion and render a partial summary judgement in Plaintiff favor, and award Plaintiff with any and all additional relief which the Court may deem appropriate.

Respectfully submitted;

By: /s/ Izet Becirevic
Izet Becirevic
2008 Laurel Lane
Plano TX 75074
Phone: 214-773-5029
Becirevic2010@live.com

**Plaintiff Pro se**

## CERTIFICATE OF SERVICE

I certify that true a copy of plaintiff's motion for partial summary judgement was served on this date __1/8/19__, the day of January, 2019 by U.S. mail and by electronic e-mail, on the following attorney in charge for Defendant Navient

**HUNTON, ANDREWS, KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas, 75202
Phone: 214-979-3000
e-mail; aragan@huntonak.com

_____
Izet Becirevic

## VERIFICATION OF SERVICES

    Before me, the undersigned notary, on this day personally appeared Izet Becirevic , the affiant, a person whose identity is known to me. After I administrated an oath to affiant, affiant testified:

    My name is Izet Becirevic. I have read the copy of foregoing document. The facts stated in it are within my personal knowledge and are true and correct.

_____
Izet Becirevic

SWORN TO and SUBSCRIBED before me by Izet Becirevic on this date ___18th___ the day of ___JANUARY___ 2019

_____
Notary Public in and for
The State of Texas

RICK ADAMS
Notary Public, State of Texas
Comm. Expires 01-14-2021
Notary ID 12926511-4