# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IZET BECIREVIC § | |
| § | Civil Action No. 4:18-CV-363 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| NAVIENT SOLUTIONS, LLC § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 30, 2019, the reports of the Magistrate Judge (Dkts. #70; #71) were entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Partial Summary Judgment (Dkt. #39) be denied, Defendant Navient Solutions, LLC's Motion for Summary Judgment (Dkt. #45) be granted, and that Defendant's Motion for Sanctions (Dkt. #37) and Plaintiff's "Opposed Motion for Sanctions against Defendant Navient" (Dkt. #49) each be denied. Having received the reports of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #74), Defendant's Response (Dkt. #76), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's objections. Plaintiff's Complaint, filed on May 16, 2018, asserts claims for: (1) breach of contract; and (2) fraud (false misrepresentation) (Dkt. #1). Both of Plaintiff's claims relate to his student loans (Dkts. #1 at p. 2; #45 at p. 3; #45-2 at p. 3; #45-2 at p. 9). Defendant is the servicer of Plaintiff's loans and Educational Credit Management Corporation ("ECMC") is the guarantor of the loans for all relevant times (Dkt. #45-2 at p. 3).

In September 2016, Plaintiff sought temporary forbearance of his student loans (Dkt. #45-2 at pp. 4, 27). In connection therewith, Plaintiff submitted to Defendant a "Loan Discharge Application: False Certification," and a request for forbearance on September 18, 2016 (Dkt. #45-2 at pp. 4, 27). Defendant approved Plaintiff's request and sent Plaintiff confirmation on September 26, 2016, which explained that Plaintiff's loan payments would not resume until April 28, 2017 (Dkt. #45-2 at p. 30). On October 5, 2016, Plaintiff was further granted an administrative forbearance, which was retroactively set to begin on September 12, 2016, and end on September 11, 2017 (Dkt. #45-5 at p. 3).

Plaintiff's false certification discharge application was denied by ECMC on November 28, 2016 (Dkt. #45-2 at p. 40). ECMC "instructed [Plaintiff] to either confirm the debt or appeal [ECMC's] decision within 30 days" (Dkt. #45-2 at p. 40). Plaintiff appealed the denial to the United States Department of Education (Dkt. #45-2 at p. 44). The Department of Education affirmed ECMC's determination to deny Plaintiff's discharge application on February 14, 2017 (Dkt. #45-2 at p. 44). Subsequently, ECMC sent Plaintiff a final acknowledgment of the debt and gave Plaintiff 30 days to return a form acknowledging the debt (Dkts. #45-2 at p. 44; #45-4 at p. 133). Plaintiff was warned that if he did not return the "False Certification Appeal Response" form within 30 days, the lender would be directed to file a default claim on Plaintiff's loans (Dkt. #45-4 at p. 133). Plaintiff failed to timely submit the False Certification Appeal Response form acknowledging his debt (Dkt. #45-4 at p. 93). No evidence exists in the record to the contrary. On March 23, 2017, Defendant was notified by ECMC that it would create and pay a default claim as Plaintiff had not reaffirmed the debt (Dkt. #45-2 at pp. 4, 46). Shortly thereafter, on March 29, 2017, a default claim was posted to Plaintiff's account (Dkts. #45-2 at p. 5; #45-5 at p. 13). Plaintiff avers that he received a letter dated April 2, 2017, from Defendant stating that

he was not required to make payments on his loans until September 11, 2017 (Dkt. #58 at p. 3). Defendant disputes the authenticity of such letter and denies ever creating and/or sending such to Plaintiff (Dkt. #45 at pp. 8–9).

On May 16, 2018, Plaintiff initiated the instant lawsuit against Defendant. This is Plaintiff's second lawsuit related to these student loans. *See Becirevic v. Educational Credit Management Corp.*, No. 4:17-cv-00632-RAS-CAN (E.D. Tex. 2018). On May 30, 2019, the Magistrate Judge entered a report (Dkt. #70) recommending that Defendant's Motion for Summary Judgment (Dkt. #45) be granted and Plaintiff's Motion for Partial Summary Judgment (Dkt. #39) be denied. The Magistrate Judge additionally entered a second report (Dkt. #71), on that same date, recommending that Defendant's Motion for Sanctions (Dkt. #37) and Plaintiff's "Opposed Motion for Sanctions against Defendant Navient" (Dkt. #49) each be denied. On June 18, 2019, Plaintiff filed Objections to the United States Magistrate Judge's Report and Recommendation (Dkt. #74). On June 26, 2019, Defendant filed its Response to Plaintiff's Objections (Dkt. #76). On July 3, 2019, Plaintiff moved for leave to file a reply (Dkt. #78); Defendant notified the Court on July 15, 2019 that it opposes the request for leave (Dkt. 79).[1]

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] As Defendant indicates, pursuant to Local Rule CV-72(c), "[o]bjections to reports and recommendations and any response thereto shall not exceed eight pages. No further briefing is allowed absent leave of court." E.D. Tex. L.R. CV-72(c). Plaintiff requested leave to file a reply on July 3, 2019 (Dkt. #78); however, "[m]otions for leave to file a document should be filed separately and immediately before the document for which leave is sought." E.D. Tex. L.R. CV-7(k). No reply was provided in connection with Plaintiff's request and thus his motion should be denied. In addition, even assuming that Plaintiff was entitled to a reply, "[t]he [C]ourt need not wait for the reply. . . before ruling on the motion." E.D. Tex. L.R. CV-7(f). Further, in the instant case, the Parties have extensively briefed the relevant issues; additional briefing is not likely to further aid the Court in its resolution of Plaintiff's objections. Accordingly, the Court denies the request and proceeds to consider Plaintiff's objections.

Plaintiff makes no objections to the Magistrate Judge's second report (Dkt. #71) denying both Plaintiff's and Defendant's Motions for Sanctions. As such, the Court adopts the conclusions and recommendations of the Magistrate Judge denying the Parties' Motions for Sanctions and considers herein Plaintiff's objections to the remaining report.

The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Partial Summary Judgment be denied (Dkt. #70). Specifically, the Report recommended that Plaintiff's breach of contract claim be dismissed because: (1) no breach exists and Plaintiff failed to proffer evidence of any breach; and (2) Plaintiff failed to allege that he suffered damages as a result of any purported breach (Dkt. #70 at pp. 9–13). The Report further recommended that Plaintiff's fraud claim be dismissed because Plaintiff had failed to create a genuine issue of material fact as to both the knowledge and damages elements of his fraud claim, and further, that Plaintiff's unsupported and conclusory allegations did not entitle Plaintiff to summary judgment (Dkt. #70 at pp. 14–20).

Plaintiff raises objections regarding both his breach of contract and fraud claims (Dkt. #74). The bulk of Plaintiff's objections dispute the factual recitation of the case, including the statements that: (1) Plaintiff was granted an administrative forbearance set to end September 11, 2017; (2) Plaintiff failed to acknowledge his loans by the 30-day deadline of March 16, 2017, and as a result, his loans went into default; (3) Plaintiff's Loans were defaulted by ECMC; (4) ECMC initiated and paid a default claim on Plaintiff's Loans; (5) Defendant agreed only to temporarily postpone Plaintiff's student loan payments; and (6) Plaintiff's loans were defaulted because Plaintiff failed to acknowledge his student loan debt and not because he failed to make payments on his loans. Each of these objected-to factual recitations relate to Plaintiff's breach of contract claim. Plaintiff additionally objects, as to his fraud claim, to the statements contained in the Report that: (1)

Plaintiff offers only conclusory allegations; and (2) Plaintiff has not offered evidence that Defendant acted willfully or recklessly.[2]

***Breach of Contract Claim—Factual Disputes***

Plaintiff takes umbrage with the Magistrate Judge's recitation of the factual history of this case, and repeatedly contends Defendant has failed to proffer sufficient summary judgment evidence. Indeed, Plaintiff argues Defendant does not have evidence showing Plaintiff failed to reaffirm the debt in question (Dkt. #74 at p. 3). As an initial matter, Plaintiff misunderstands his burden at summary judgment. Plaintiff, the nonmovant, bears the burden of proof on his breach of contract claim at trial; therefore, Plaintiff (not Defendant) must come forward with evidence at summary judgment of each of the essential elements of his claim. All Defendant, as the movant without the burden of proof at trial, need do is point to an absence of evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lavespere v. Niagra Machine and Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990). Plaintiff's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F. Supp.2 d 613, 623 (N.D. Tex. 2007).

The Report found, as it relates to the purported breach:

> Plaintiff has produced no evidence that Defendant defaulted his loans for failure to make payments while the loans were in forbearance and therefore cannot show that Defendant breached any duty or obligation as set forth in the forbearance letter. Rather, the summary judgment evidence makes clear that the loans were defaulted because Plaintiff failed to acknowledge his student loan, and not instead as a result for failure to make payments on his loans [Dkt. 45-4 at 93]….Because Plaintiff fails to proffer evidence of the element of breach—that Defendant defaulted Plaintiff's loans in violation of the forbearance agreement—Defendant is entitled to summary judgment as to Plaintiff's breach of contract claim….Furthermore, Plaintiff's

---

[2] As Defendant notes, Plaintiff does not object to many of the Report's findings, including that Plaintiff "cannot show that Defendant breached any duty or obligation as set forth in the forbearance letter," failed to show damages incurred as a result of any alleged breach of any contract, failed to produce evidence that he relied on a misrepresentation to his detriment, and failed to produce evidence related to damages of his fraud claim. These findings alone support granting summary judgment to Defendant on Plaintiff's claims.

5

> breach of contract claim fails for an additional reason: Plaintiff has failed to adequately allege that he suffered damages as a result of Defendant's purported breach of the contract.

(Dkt. #70 at pp. 11–12).

As the Magistrate Judge found, the summary judgment evidence specifically indicates that Plaintiff's loans were defaulted by ECMC because he failed to timely acknowledge his debt after his false certification discharge application was denied (Dkt. #45-4 at p. 93). Plaintiff has proffered no evidence that he did timely acknowledge his debt, and contrary to Plaintiff's assertion, Defendant did produce evidence that Plaintiff failed to reaffirm the debt and that such failure was the reason for the default of his loans. Specifically, a letter from ECMC dated March 23, 2017, explicitly indicates:

> [ECMC] is returning the below referenced Claim for the reasons listed…. Borrower denied for false cert discharge, borrower appealed denial, appeal sent to Dept of Ed for review, ED upheld deni[al] borrower given 30 days to reaffirm debt, *borrower did not therefore per Fed Regs borrower automatically defaults*. ECMC will create and pay a DF claim.

(Dkt. #45-2 at p. 46) (emphasis added). Having shown Plaintiff's loans were not defaulted due to the alleged violative action—i.e., defaulting the loans due to failure to submit payment—the burden is with the nonmovant, here the Plaintiff, to show why summary judgment should not be granted. Plaintiff has failed to produce any record evidence that his loans were defaulted for any other reason than as indicated by ECMC in its March 23, 2017 letter.[3] Plaintiff fails to demonstrate a genuine issue of material of fact related to his breach of contract claim. Plaintiff's objections are overruled.

---

[3] Plaintiff is correct that he requested a review of the ECMC decision denying his false certification discharge application (Dkt. #45-4 at p. 107). However, his December 5, 2016 letter informing ECMC of his intent to appeal ECMC's decision to the Department of Education is not proof of Plaintiff's reaffirmation or acknowledgment of his debt after the Department of Education affirmed the denial. After the Department of Education had denied Plaintiff's false certification discharge application, Plaintiff was to submit a "False Certification Appeal Response" acknowledging his debt within 30 days; this he did not do and has provided no summary judgment evidence to the contrary.

*Fraud Claim—Conclusory Allegations*

Regarding the Report's finding on Plaintiff's fraud claim, Plaintiff sets forth a series of purportedly undisputed facts that he argues support his claim. Plaintiff contends that "the evidence in Tea Leaf Session clearly shows that Defendant [] knowingly and recklessly furnished false information to the Plaintiff on April 2, 2017" and "Defendant knew that information furnished to the Plaintiff on April 2, 2017 [was] false" (Dkt. #74 at p. 7). Plaintiff cites to documents entitled "Account Summary," "Loan Details," and "Estimated Payment Schedule" to support his contention that Defendant knowingly and recklessly furnished false information (Dkt. #74 at p. 7). Plaintiff asserts that the Defendant knew these records were false "because Defendant admit[ed] that ECMC terminated Navient from any further loan servicing on March 23, 2017" and "because Defendant['s] own documents marked NSL000053 confirm that September 11, 2017 ne[v]er existed" (Dkt. #74 at p. 7). The evidence presently in the record does not comport with or otherwise support Plaintiff's assertions. The letter dated March 23, 2017 indicates ECMC would pay a default claim (Dkt. #45-2 at p. 46), and the borrower correspondence history records indicate that the claim was paid as a default; there is no indication that Defendant was terminated as servicer for the lender on March 23, 2017. Further, it is unclear how a record indicating that Plaintiff's forbearance was set to end on September 11, 2017—when it was originally set for April 28, 2017 (Dkt. #45-2 at p. 30)—is evidence of fraudulent intent, and Plaintiff provides no further explanation to illuminate the Court. "Under Texas law, a fraud claim requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Cordero v. Avon Products, Inc.*, 629 F. App'x 620, 624 (5th Cir. 2015). Simple allegations that Defendant possessed fraudulent intent is not sufficient to establish

Plaintiff's fraud claim. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Additionally, Plaintiff still fails to allege and/or demonstrate that he relied on any purported misrepresentation to his detriment or that he suffered damages as a result of such reliance. *See Stewart v. Geovera Specialty Ins. Co.*, No. H-14-3162, 2015 WL 12778800, at * 4 (S.D. Tex. Oct. 21, 2015). Plaintiff's fraud claim fails as a matter of law. Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #74), Defendant's Response (Dkt. #76), and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkts. #70; #71) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Izet Becirevic's Motion for Partial Summary Judgment (Dkt. #39) is **DENIED**, Defendant Navient Solutions, LLC's "Motion for Summary Judgment (Dkt. #45) is **GRANTED,** and Plaintiff's claims for breach of contract and fraud are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's Motion for Sanctions (Dkt. #37) and Plaintiff's "Opposed Motion for Sanctions against Defendant Navient" (Dkt. #49) are each hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to File Reply (Dkt. #78) is **DENIED**.

**IT IS SO ORDERED**.
 SIGNED this 9th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE